Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| JAVIER FIGUEROA VÉLEZ RECURRENTE V. NEGOCIADO DE SEGURIDAD DE EMPLEO (NSE) RECURRIDOS | TA2026RA00340 | *Revisión Judicial* del Departamento del Trabajo Recursos Humanos Apelación Núm. P-5086-25 Cifrado: 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 Sobre: Inelegibilidad a los beneficios de compensación por desempleo Sección 4(b)(2) de la Ley de Seguridad de Empleo de Puerto Rico |
|---|---|---|

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez, Pagán Ocasio, Jueza Álvarez Esnard y el Juez Cruz Hiraldo[1].

Pagán Ocasio, juez ponente

# SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2026.

## I.

El 23 de junio de 2026, el señor Javier Figueroa Vélez (recurrente) presentó, por derecho propio, un recurso de revisión judicial en la que nos solicita que revisemos la *Decisión del Secretario del Trabajo y Recursos Humanos*, del Departamento del Trabajo y Recursos Humanos (DTRH o foro recurrido) emitida el 18 de mayo de 2026, notificada por correo en la misma fecha.[2] En la misma, se confirmó la *Resolución* de la División de Apelaciones y declaró inelegible al recurrente a los beneficios de desempleo, a tenor con la *Ley de Seguridad de Empleo de Puerto Rico*, Ley Núm.

---

[1] Ver Orden Administrativa OA DJ2025-063-C, del 26 de mayo de 2026.
[2] Véase entrada núm. 2 del apéndice de la entrada núm. 1 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).

74 de 21 de junio de 1956, según enmendada, 24 LPRA sec. 701 *et seq.*

El escrito presentado ante esta curia consta de una (1) sóla página y está dirigido al Departamento del Trabajo.

En virtud de la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, ***In re Aprob. Enmdas. Reglamento TA***, 2025 TSPR 141, pág. 15, 216 DPR __ (2025), que le confiere a este foro la facultad para prescindir de escritos, en cualquier caso, ante su consideración, con el propósito de lograr su más justo y eficiente despacho, procedemos a resolver.

### II.

Según los documentos que obran en el expediente ante nuestra consideración, el recurrente presentó una *Apelación,* fechada el 22 de octubre de 2025, a una determinación del DTRH.[3] Según aparenta, el recurrente solicitó la reconsideración a una determinación para que se le otorgue el beneficio de desempleo. En ella, indicó contar con evidencia circunstancial y testifical para demostrar justa causa, que podría mostrar cuando se le solicite la misma. Adviértase que no incluyó la determinación de la agencia de la que solicitó apelación ante la Oficina de Apelaciones del Secretario del DTRH.

El 18 de mayo de 2026, notificada en la misma fecha, el DRTH, a través de la Oficina de Apelaciones ante el Secretario, emitió una *Decisión del Secretario del Trabajo y Recursos Humanos*.[4] El foro recurrido confirmó una *Resolución* de la División de Apelaciones notificada el 20 de febrero de 2026 que, a su vez, confirmó una *Determinación* emitida por la Oficina Local del Negociado de Seguridad de Empleo el 10 de octubre de 2025. Según se menciona,

---

[3] Íd., entrada núm. 3 del apéndice de la entrada núm. 1.
[4] Íd., entrada núm. 2 del apéndice de la entrada núm. 1.

la *Resolución* del 20 de febrero de 2026 desestimó la apelación por haber sido presentada tardíamente, sin acreditar justa causa.

Insatisfecho, el recurrente presentó el recurso de revisión judicial de epígrafe. Meramente, nos solicitó su revisión, sin hacer un relato fiel y conciso de los hechos procesales importantes del caso, señalamiento de los errores que entiende que cometió el DTRH y una discusión de los errores señalados. Tampoco presentó un apéndice completo de los documentos que nos puedan ser útil para atender su reclamo. No presentó la determinación de la División de Apelaciones ni tampoco la emitida por la Oficina Local del Negociado de Seguridad en el Empleo, de la que presentó apelación ante el Secretario del DTRH.

**III.**

**A.**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias ante su consideración. *Mojica Rodriguez v. ESSROC*, 2026 TSPR 47, 218 DPR __ (2026); *Mun. Aguada v. W Const. y Recovery Finance,* 214 DPR 432, 448 (2024). Reiteradamente, nuestro Tribunal Supremo ha expresado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo que los asuntos relacionados con esta deben atenderse de forma preferente. *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024). Así, cuando un tribunal no tiene autoridad para atender el recurso, solo tiene jurisdicción para así declararlo y desestimar el caso sin entrar en los méritos de la controversia. *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135, 146 (2023). Como se sabe, "la falta de jurisdicción no es susceptible de ser subsanada y las partes no pueden voluntariamente otorgarle jurisdicción al tribunal ni éste puede adjudicársela". *Freire Ruiz et al. v. Morales, Hernández,* 2024

TSPR 129, 215 DPR __ (2024); *JMG Investment v. ELA et al.*, 203 DPR 708, 714 (2019).

Una de las instancias en las que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío. *Mojica Rodríguez v. ESSROC,* supra; *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). Un recurso tardío es aquel que se presenta pasado el término provisto para recurrir. *Mojica Rodríguez v. ESSROC,* supra. Al igual que uno prematuro, este adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre, por lo que debe ser desestimado. *Pueblo v. Ríos Nieves*, 209 DPR 264, 274, (2022); *Yumac Home v. Empresas Massó*, supra.

**B.**

La Sección 4.2 de la Ley de Procedimientos Administrativos Uniformes (LPAU), 3 LPRA sec. 9672, dispone que una parte adversamente afectada por una orden o resolución final de una agencia podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, en un término de **treinta (30) días** contados a partir de la fecha del archivo en autos de copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de dicha ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. Véase, además, Regla 57 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* supra, pág. 80.

A esos efectos, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *In re Enmdas. Reglamento TA*, *supra*, pág. 117, nos da la facultad para, a iniciativa propia o a solicitud de parte, desestimar un recurso por falta de jurisdicción.

Conviene mencionar además que, la Regla 59 del Reglamento del Tribunal de Apelaciones, *supra,* págs. 83-86, ordena los requisitos de contenido del escrito de revisión judicial. En su inciso (C)(1), dicha Regla establece que todo recurso, entre otras cosas, contendrá:

> [...]
>
> (c) una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión.
>
> [...]
>
> (d) **Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.**
>
> (e**) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.**
>
> (f) **Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.**
>
> (g) **La súplica**.  (Énfasis nuestro).

Además, el inciso (E) de la referida Regla, establece que el recurso contendrá un apéndice compuesto de, entre otros, una copia literal de:

> (a) las alegaciones de las partes ante la agencia, a saber, **la solicitud original**, la querella o apelación **y las contestaciones a las anteriores hechas por las demás partes**;
>
> (b) ...
>
> (c) la orden, resolución o providencia administrativa cuya revisión se solicita;
>
> (d) toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para solicitar revisión;
>
> (e) toda resolución u orden, moción o escrito que forme parte del expediente original administrativo y en los que se discuta

expresamente cualquier asunto planteado en el recurso de revisión; y

(f) cualquier otro documento que forme parte del expediente original en la agencia y que pueda ser útil en la resolución de la controversia.

(g) …. (Énfasis nuestro).

A su vez, cabe destacar también que las partes que comparecen por derecho propio no están exentas del cumplimiento de estas normas, puesto que el carácter de su comparecencia, por sí sola, no justifica el incumplimiento con las reglas procesales. *Febles v. Romar*, 159 DPR 714, 722 (2003).

**IV.**

En el caso de marras, el recurrente parece impugnar una determinación del DTRH sobre su inelegibilidad al beneficio de desempleo.

Tras un análisis objetivo, sereno y cuidadoso del expediente y a la luz de la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que debemos desestimar el recurso por falta de jurisdicción, por tardío. El recurrente incumplió con el término jurisdiccional de treinta (30) días para presentar el recurso de revisión judicial en la Secretaría de este Tribunal. El mismo fue ponchado por la Secretaría del Tribunal de Apelaciones, como recibido, el 23 de junio de 2026, pasados seis (6) días desde que venció el término para recurrir.

Como excepción, nuestro Reglamento permite la presentación física de aquellos documentos que no puedan presentarse electrónicamente mediante la plataforma de SUMAC, por tratarse de una persona litigante que se represente por derecho propio. Véase Art. 2.1 del Reglamento del Tribunal de Apelaciones, *supra*, pág. 2. Empero, debe presentarse en el término jurisdicción establecido.

Además de la presentación tardía, el recurrente incumplió crasamente con las Reglas 59(C)(1) y (E) del Reglamento del Tribunal

de Apelaciones, *supra*. Este no hizo un relato fiel y conciso de los hechos procesales e importantes del caso. Además, carece de señalamiento de error alguno, ni discusión de los errores señalados como adolece de discusión de las disposiciones de ley y jurisprudencia aplicables. Tampoco incluyó la determinación de la División de Apelaciones ni la emitida por la Oficina Local del Negociado de Seguridad en el Empleo del DTRH.

Ante ese escenario, en caso de que tuviéramos jurisdicción, el recurrente no nos puso en posición de evaluar la determinación recurrida. Reiteramos que, el hecho de que las partes comparezcan por derecho propio no justifica el incumplimiento con las reglas procesales. Véase, **Febles v. Romar**, supra.

## V.

Por los fundamentos pormenorizados, se desestima el recurso de revisión judicial de epígrafe, por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones